

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-2005

# USA v. China

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4852

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. China" (2005). *2005 Decisions.* Paper 942.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/942

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 03-4852

UNITED STATES OF AMERICA

v.

FRANK CHINA,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court Crim. No.: 02-cr-00656-3
District Judge: The Honorable Cynthia M. Rufe

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 28, 2005

_____

Before: NYGAARD, SMITH, and FISHER, *Circuit Judges*

(Filed: June 30, 2005)

_____

OPINION

_____

SMITH, *Circuit Judge.*

Frank China was convicted by a jury of violating federal narcotics and robbery

statutes. He was a Pennsylvania State Trooper at the time of the offenses. China appeals

the District Court's denial of his Rule 29 motion for a judgment of acquittal. He asserts that the government's case was based on the uncorroborated testimony of an alleged accomplice, and was thus insufficient to sustain his conviction. He also asserts that his counsel was ineffective, thus depriving him of his rights to counsel and to a fair trial. We have jurisdiction under 28 U.S.C. § 1291. We will affirm the denial of China's Rule 29 motion. We will deny his claim of ineffective assistance of counsel without prejudice. We will remand the case for resentencing in accordance with *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005).

**Sufficiency of the Evidence**

Our review on an appeal that attacks the sufficiency of the evidence is "particularly deferential." *United States v. Cothran*, 286 F.3d 173, 175 (3d Cir. 2002). We view the evidence in a light most favorable to the government and sustain the jury's verdict if any rational juror could have found all of the elements of the crime beyond a reasonable doubt. *Id*.

China contends that the largely uncorroborated testimony of alleged accomplice Terrence Perkins was inherently suspect because Perkins is an incorrigible criminal offender. Moreover, China continues, portions of Perkins' testimony were contradicted by other government witnesses, and thus there was no basis for a legitimate conviction. This contention is meritless. The first contradiction noted by China concerned Perkins' testimony about an incident in which various *dramatis personae* had to wait for assistance

2

when keys were locked in a car. This is an inconsequential detail about which contradictory testimony should trouble no one.

China's second contention colors as "incredible" Perkins' testimony of a scheme in which China "arrested" Perkins, his alleged partner-in-crime, as a cover in a sham drug bust in which they stole a kilo of cocaine from Troy Brinkley, with whom Perkins was riding in a car. China denied Perkins' rendition, which had China driving a handcuffed Perkins through the State Trooper barracks, as being the "most stupidest thing to do if I had done that." China argues that Perkins' story makes no sense under the government's theory that China and Perkins were in cahoots.

Evidently, China does not watch many crime dramas. The sight of the gang mole or the confidential informant who makes the controlled narcotics buy being subject to fake arrest, and his share of roughing up, at the time of the bust should be familiar to anyone familiar with the genre. The jury was entitled to believe Perkins' version of the trope and disbelieve China's competing conspiracy theory. In short, China claimed that he became unwittingly entangled in the crimes when he attempted to clear his name in the community by shaking down Dionne Steave in a mall parking lot as a favor to Perkins. Perkins, in China's sordid screenplay, had besmirched China's good name by accusing him of stealing the kilo of cocaine from Perkins and Brinkley.

We have no difficulty in affirming the District Court's denial of China's Rule 29 motion. Perkins' testimony supplied only the motivation for China's admitted

lawlessness. A rational juror could have believed Perkins' version of the events in finding China guilty of the crimes charged beyond a reasonable doubt.

**Ineffective Assistance of Counsel**

China contends that his trial counsel's failure to call a handwriting expert to bolster a portion of his defense, which hinged on identifying who had filled out certain portions of a police form, effectively denied him assistance of counsel. In most cases, whether this claim has any merit is best addressed in a collateral action rather than on direct appeal, and we do not think this case merits deviating from this Court's normal practice. *See United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003). The trial record below was focused on enabling the jury to determine whether China was guilty of the charges against him, not for testing the soundness of his counsel's strategy or counsel's skill in implementing it. *See Massaro v. United States*, 538 U.S. 500, 505 (2003). Here, for instance, the record does not reveal whether his trial counsel's supposed failure was a strategic move or a blundering omission. This information is basic to China's claim. Therefore, the best course is to deny China's claim without prejudice. He may, if he chooses, develop the theory on collateral attack pursuant to 28 U.S.C. § 2255.

**China's Sentence**

In response to this Court's March 3, 2005 "*Booker* order," China argues that judicial fact finding and the concomitant increases in his sentence were precluded under

*Blakely v. Washington*, 542 U.S. __, 124 S.Ct. 2531 (2004).  On *Blakely*'s heels, the

Supreme Court decided *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738 (2005).

There, the Supreme Court determined that the Guidelines were only advisory, not

mandatory.

Having determined that the sentencing issues China raises are best determined by

the District Court in the first instance, we will vacate the sentence and remand for

resentencing in accordance with *Booker*.